AO 245B   (Rev. 3/01) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

__WESTERN__   District of   __PENNSYLVANIA__

UNITED STATES OF AMERICA
V.

ROBERT JORIS

**JUDGMENT IN A CRIMINAL CASE**

Case Number:   04-177-001 Criminal

Jay J. Finkelstein, AFPD
Defendant's Attorney

**THE DEFENDANT:**

X  pleaded guilty to count(s)   One and Two of the Indictment

☐  pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐  was found guilty on count(s) _____
after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC §2113(a) | Bank Robbery | Dec. 17, 2003 | One |
| 18 USC §2113(d) | Armed Bank Robbery | Dec. 17, 2003 | Two |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

☐  Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

☐  The mandatory special assessment is included in the portion of this Judgment that imposes a fine.

X  It is Ordered that the defendant shall pay to the United States a special assessment of   $200.00   which shall be due immediately.

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

08146-068

Defendant's USM No.

September 14, 2005

Date of Imposition of Judgment

*[signature: Gustave Diamond]*
Signature of Judicial Officer

Gustave Diamond, United States District Judge
Name and Title of Judicial Officer

September 14, 2005
Date

DEFENDANT: Robert Joris
CASE NUMBER: 04-177-001 Criminal

## IMPRISONMENT

X    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of sixty-three (63) months at each of Counts One and Two of the Indictment to be served concurrently.   No fine.  No costs.

X    The court makes the following recommendations to the Bureau of Prisons:

1. That defendant be permitted to participate in the Bureau of Prisons' Inmate Financial Responsibility program for the purpose of making incremental payments toward the outstanding balance of the restitution imposed;
2. That defendant be incarcerated at FCM-Rochester, MN for psychiatric treatment; and
3. That defendant be permitted to participate in a program of testing and, if necessary, treatment for substance and alcohol abuse.

X    The defendant is remanded to the custody of the United States Marshal.

The defendant shall surrender to the United States Marshal for this district if she has not received notice prior to May 12, 2005

☐ at _____ ☐ a.m. ☐ p.m. On _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:       Robert Joris
CASE NUMBER:     04-177-001 Criminal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

three (3) years at Count One of the Indictment and five (5) years at Count Two of the Indictment to be served concurrently.

While on supervised release, the defendant shall not commit another Federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by the court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

- [X] The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
- [ ] The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.
- [X] The defendant shall not possess a firearm or destructive device, or any other dangerous weapon.
- [X] The defendant shall cooperate in the collection of DNA as directed by the probation officer.
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is directed by the probation officer.
- [ ] The defendant shall participate in an approved program for domestic violence.
- [X] Additional conditions (See below)

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

Additional Conditions:

1. Defendant shall not possess a firearm or destructive device;

2. Defendant shall not use or possess controlled substances except as prescribed by a licensed medical practitioner for a legitimate medical purpose;

3. Defendant shall make periodic payments of at least ten percent (10%) of his gross monthly income toward the outstanding balance of restitution unless the probation office demonstrates to the court that the payment of a lessor amount is warranted under the circumstances. Payments shall be made in such amounts and at such times as directed by the probation office and approved by the court;

4. Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer;

5. Defendant shall provide the probation officer with access to any requested financial information;

6. Defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address that occurs while any portion of the restitution remains unpaid;

7. Defendant shall participate in a program of testing and, if necessary, treatment for substance abuse as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. Further, the defendant shall be required to contribute to the costs of services for any such treatment in an amount determined by the probation officer but not to exceed the actual cost. The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter;

8. Defendant shall participate in a mental health treatment program as directed by the probation officer, until such time as the defendant is released from the program by the probation officer; and

9. Defendant shall cooperate in the collection of DNA as directed by the probation officer.

AO 245B    (Rev. 3/01) Judgment in a Criminal Case

|  |  |
|---|---|
| DEFENDANT: Robert Joris | Judgment—Page 4 of 6 |
| CASE NUMBER: 04-177-001 Criminal | |

# STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) the defendant shall not commit another Federal, state or local crime;

2) the defendant shall not leave the judicial district without the permission of the court or probation officer;

3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5) the defendant shall support his or her dependents and meet other family responsibilities;

6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9) the defendant shall not frequent places where controlled substances are illegally sold used, distributed, or administered;

10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history of characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**These conditions are in addition to any other conditions imposed by this Judgment.**

Judgment—Page __5__ of __6__

DEFENDANT:     Robert Joris
CASE NUMBER:   04-177-001 Criminal

## RESTITUTION, FORFEITURE, OR OTHER PROVISIONS OF THE JUDGMENT

X   The defendant shall make restitution to the following persons in the following amounts:

| NAME OF PAYEE | AMOUNT OF RESTITUTION |
|---|---|
| National City Bank<br>1801 Fifth Avenue<br>Arnold, PA 15068 | $2,127.00 |

Payments of restitution are to be made to:

☐   the United States Attorney for transfer to the payee(s).
X   Clerk, U. S. District Court, for transfer to the payee.

Restitution shall be paid:

☐   in full immediately.
☐   in full no later than
☐   in equal monthly installments over a period of            months. The first payment is due on the date of this judgment. Subsequent payments are due monthly thereafter.
X   in installments according to the following schedule of payments:

SEE ATTACHED

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f) and may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

X   The Court has determined that the defendant does not have the ability to pay interest. It is Ordered that:

X   the interest is waived.
☐   the interest requirement is modified as follows:

Any payment shall be divided among the payees named unless otherwise specified here.

## FORFEITURE

☐   The defendant is ordered to forfeit the following property to the United States:

Defendant shall make periodic payments toward the outstanding balance of restitution pursuant to his participation in the Bureau of Prisons' Inmate Financial Responsibility Program. Defendant in conjunction with the Bureau of Prison staff personnel shall develop a financial plan in accordance with 28 C.F.R. §545.11(a) and defendant shall make payments in accordance with 28 C.F.R. §§545.11(b)(1) or (2) as appropriate based upon the type of work provided the Bureau. Defendant shall comply with all directives issued by the Warden pursuant to his/her discretion under 28 C.F.R. §545.11. During the term of supervised release defendant shall make periodic payments in such amounts and at such times as directed by the probation office and approved by the court. The probation office shall address the defendant's (1) financial resources and assets, (2) earnings and income and (3) financial obligations as they then exist in submitting any recommended payment schedule for court approval. The payments shall be at least ten percent (10%) of defendant's gross monthly income unless the probation office demonstrates to the court that the payment of a lessor amount is warranted under the circumstances. The outstanding balance of restitution shall <u>not</u> be subject to interest.